UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ARNOLDO FERNANDEZ & LAURA FERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED RENTALS, INC.; DAIMLER TRUCK NORTH AMERICA, INC.; MICHELIN NORTH AMERICA, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [17] DEFENDANT MICHELIN NORTH AMERICA, INC.'S MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00729-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendant Michelin North America, Inc.'s ("Michelin") Motion to Dismiss.[1] Michelin moves to dismiss all claims asserted against it by Plaintiffs Arnoldo Fernandez and Laura Fernandez (collectively, "Plaintiffs") on the basis that they are barred by the statute of limitations. For the reasons below, the court grants Michelin's motion.

## BACKGROUND

On June 20, 2023, Mr. Fernandez was involved in an accident while driving a water truck.[2] On June 19, 2025, Plaintiffs filed a Complaint in the Third Judicial District of Utah against multiple defendants, including The Goodyear Tire and Rubber Company ("Goodyear")

---

[1] Def. Michelin N. Am., Inc.'s Mot. to Dismiss ("Mot."), ECF No. 17, filed Nov. 12, 2025.

[2] Compl. (filed in Third Judicial Dist. Ct., Salt Lake Cnty., Utah) ("Compl.") ¶¶ 5, 10, ECF No. 1-2, filed Aug. 27, 2025.

upon belief that Goodyear manufactured what they alleged was a defective tire that caused the accident.[3] The following day, the statute of limitations for product liability claims expired.[4]

On July 22, 2025, Plaintiffs filed an Amended Complaint in which they replaced Goodyear with Michelin as a defendant and brought claims of strict product liability and negligence against Michelin, alleging product defect in each claim.[5] Two months later, the case was removed to federal court.[6]

Michelin first received notice of this action on October 8, 2025, when Plaintiffs served Michelin.[7] On October 17, 2025, Utah's 120-day service of process deadline expired.[8]

### STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[9] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[10]

---

[3] *Id.*

[4] Utah Code § 78B-6-706; Mot. 2; Pls.' Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 3, ECF No. 47, filed Feb. 4, 2026.

[5] Am. Compl. 10–19, ECF No. 1-2, filed Aug. 27, 2025.

[6] Notice of Removal, ECF No. 1, filed Aug. 27, 2025.

[7] Mot. 2, Ex. A, ECF No. 17-1, filed Nov. 12, 2025; Summons, ECF No. 10, filed Oct. 17, 2025.

[8] Utah R. Civ. P. 4(b); Mot. 2; Opp'n 3.

[9] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).

[10] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonald*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).

However, a "complaint cannot rely on labels or conclusory allegations —a 'formulaic recitation of the elements of a cause of action will not do.'"[11] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] "When analyzing plausibility, plaintiff's allegations are 'read in the context of the entire complaint' and a plaintiff need only 'nudge' their claim 'across the line from conceivable to plausible.'"[13]

## DISCUSSION

Michelin argues that the applicable statute of limitations bars the causes of action Plaintiffs have alleged against Michelin.[14] "A federal court sitting in diversity applies the substantive law of the state where it is located, including the state's statutes of limitations."[15] Therefore, Utah law governs this dispute.[16] Accordingly, the court must apply the relevant statute of limitations provided by Utah law. "Under Utah law, product liability actions are governed by a two-year statute of limitations."[17] Because the claims against Michelin are based on Plaintiffs' allegations that the tires were defective, the two-year statute of limitations applies in this case.[18]

---

[11] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

[12] *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009).

[13] *Greer*, 83 F.4th at 1292 (quoting *Chilcoat* v. *San Juan Cnty.,* 41 F.4th 1196, 1218 (10th Cir. 2022)) (also quoting *Twombly*, 550 U.S. at 570) (cleaned up).

[14] Mot. 1–3.

[15] *Elm Ridge Exploration Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013) (citing *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005)).

[16] *See Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005).

[17] *Martin v. Fresenius USA Mfg., Inc.*, No. 1:12-cv-0005, 2012 WL 1448052, at *3 (D. Utah Apr. 26, 2012) (citing *Utah Local Gov't Trust v. Wheeler Mach. Co.*, 199 P.3d 949, 951–52 (Utah 2008)); Utah Code § 78B-6-706.

[18] *See generally* Am. Compl.

It is undisputed that the statute of limitations expired on June 20, 2025—two years from the underlying accident.[19] Michelin contends that because Plaintiffs did not receive notice of the lawsuit until October 8, 2025, 111 days after the statute of limitations expired, Plaintiffs' claims against Michelin are time-barred.[20] In response, Plaintiffs argues that because they amended their Complaint and served Michelin within Utah's 120-day service deadline, its Amended Complaint relates back to the original filing date, which is within the statute of limitations.[21]

"Rule 15 of the Utah Rules of Civil Procedure governs amendments generally, and rule 15(c) governs the 'relation back' doctrine more particularly."[22] Rule 15 was amended in 2016 to "adopt the approach of Federal Rules 15(c) regarding the relation-back of an amended pleading when the amended pleading adds a new party."[23] Before the amendment, Rule 15(c) "did not expressly contemplate the substitution of parties," but Utah courts "recognized an exception to this rule when 'it can be assumed or proved the relation back is not prejudicial.'"[24] Utah courts "most often"[25] applied the exception "in two types of cases: (1) in so called misnomer cases and (2) where there is a true identity of interest."[26]

Now, "the current version of rule 15(c) expressly provides that an amended pleading that adds, substitutes, or changes the name of a party relates back to the date of the original pleading"[27] when within the service period under Rule 4(b) of the Utah Rules of Civil Procedure,

---

[19] Mot. 2; Opp'n 3.
[20] Mot. 2–3.
[21] Opp'n 1–2.
[22] *Lavender v. FCOI Preserve, LLC*, 2025 UT App 47, ¶ 77, 569 P.3d 1037.
[23] Utah R. Civ. P. 15, 2016 Amendment Advisory Committee Notes.
[24] *Martinez v. Dale*, 2020 UT App 134, ¶ 12, 476 P.3d 136 (quoting *2010-1 RADC/CADC Venture, LLC v. Dos Lagos, LLC*, 2017 UT 29, ¶ 19, 408 P.3d 313, *aff'd*, 2017 UT 29, 408 P.3d 313).
[25] *Id.*
[26] *Ottens v. McNeil*, 2010 UT App 237, ¶ 43, 239 P.3d 308 (quoting *Penrose v. Ross*, 2003 UT App 157, ¶ 11, 71 P.3d 631).
[27] *2010-1 RADC/CADC Venture, LLC*, 2017 UT 29, ¶ 19 n.5.

(1) "the 'amendment asserts a claim' that relates to the conduct outlined in the original pleading," (2) the "'party to be brought in by amendment' had appropriate notice to avoid prejudice 'in defending on the merits'" and (3) the proper party "'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'"[28] A plaintiff must establish all three elements for its amended pleading to relate back.[29]

Here, the first element—Rule 15(c)(3)(A)—is met because the Amended Complaint asserts claims arising from the same underlying accident. However, the third element—Rule 15(c)(3)(B)—is not met because Plaintiffs have not demonstrated how Michelin "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[30]

As described above, "Utah courts have allowed the relation back of amendments to complaints incorporating newly named parties in two types of case: (1) in so called misnomer cases, and (2) where there is a true identity of interest."[31] The current version of Rule 15(c) incorporates this framework in subparagraph (3)(B), which allows the substitution of parties where the "complaint contains some technical defect in the identification of the party"[32] (misnomer), or "the original and new party share the same interest concerning the litigation"[33]

---

[28] *Van Leeuwen v. BANA RESI-NON-CORE*, 2023 UT App 91, ¶ 26, 536 P.3d 84 (quoting Utah R. Civ. P. 15(c)(3)(A), (B)).

[29] *See Frugal Flamingo Quick Stop v. Farm Bureau Mut. Ins. Co.*, 2018 UT App 41, ¶ 16, 420 P.3d 57.

[30] Utah R. Civ. P. 15(c)(3)(B). The second element involves a prejudice analysis, but since the third element is not met, the court need not consider the second element.

[31] *Wright v. PK Transport*, 2014 UT App 93, ¶ 5, 325 P.3d 894 (quoting *Ottens v. McNeil*, 2010 UT App 237, ¶ 43, 239 P.3d 308).

[32] *Id.*

[33] *Ottens*, 2010 UT App 237, ¶ 45.

(identity of interest). Although these types of cases "are not meant to be rigid pigeonholes," they are useful "analytical tools to help courts determine whether allowing relation back will prejudice a party."[34] Thus, if neither condition exists, Utah courts have consistently held that the pleading cannot relate back to the initial complaint.[35]

In *Perry v. Pioneer Wholesale Supply Company*, for example, the Utah Supreme Court dismissed a subcontractor's attempts to bring in third-party defendants—a manufacturer and a supplier—after the statute of limitations because there was "insufficient identity of interest."[36] "The ultimate inquiry for this court was whether the manufacturer and supplier would have had any idea that their interests would have been implicated in the suit between the general contractor and the subcontractor."[37] Likewise, in *VCS, Inc. v. Utah Community Bank*, a general contractor filed a mechanic's lien and obtained a default judgment against its employer before he attempted to amend the complaint to add a third-party lender without filing a *lis pendens*.[38] The Utah Supreme Court held that the amendment could not relate back to the original complaint.[39] "Once again, the underlying consideration was that, absent the filing of a *lis pendens*, a suit against a property owner would not have put the lender on notice that its interests would be at issue in litigation such that it could anticipate being added to the suit after the statute of

---

[34] *Martinez*, 2020 UT App 134, ¶ 16.

[35] *See Blueridge Homes Inc. v. Method Air Heating & Air Conditioning*, 2019 UT App 149, ¶ 17, 450 P.3d 114. *See also Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214 (Utah 1984) (holding that the relation back doctrine does not apply to a pleading that "adds new parties who have no identity of interest with existing parties"); *Noor v. State*, 2019 UT 3, ¶ 42, 435 P.3d 221 ("[A]n amended pleading may relate back as long as the parties in an action have reasonably been put on notice of the new claims before the statute of limitations has expired."); *2010-1 RADC/CADC Venture, LLC*, 2016 UT App 89, ¶ 11 (stating that the relation back "rule generally does not apply to an amendment which substitutes or adds new parties").

[36] 681 P.2d 214, 216–17 (Utah 1984).

[37] *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984).

[38] 2012 UT 89, ¶¶ 1–2, 293 P.3d 290.

[39] *Id.* at ¶ 4.

limitations expired."[40] Both cases, then, demonstrate how insufficient identity of interest dooms relation back.

In contrast, relation back may be granted when there is some sort of misnomer, such as in *Martinez v. Dale*.[41] The plaintiff in *Martinez* was the mother of a daughter killed in an automobile accident involving a drunk driver.[42] Within the applicable statute of limitations, the plaintiff filed a complaint against the bar she believed served the driver but soon discovered the driver had been drinking at a different bar before the accident.[43] The plaintiff then filed an amended complaint with the correct bar but failed to correctly name the bar's owner.[44] By the time she filed a second amended complaint against the correct party, the statute of limitations had expired, but because she had served the first amended complaint with the registered agent for the correct bar, the *Martinez* court viewed the matter as "more akin to a misnomer case" and ultimately concluded that relation back would not prejudice the new party.[45] Thus, the court's ruling hinged on the fact that the registered agent "had actual notice within 120 days of Martinez's first amended complaint."[46] In sum, Utah's case law demonstrates that the third element for relation back is met when there is a shared interest or mere technical mistake that puts the correct party on notice.

Here, neither scenario exists. According to the undisputed facts, Plaintiffs' Amended Complaint does not merely correct a technical mistake or add a party with an interest closely

---

[40] *2010-1 RADC/CADC Venture, LLC*, 2016 UT App 89, ¶ 25.
[41] 2020 UT App 134, 476 P.3d 136.
[42] *Martinez*, 2020 UT App 134, ¶¶ 1–2.
[43] *Id.* ¶ 3.
[44] *Id.* ¶¶ 3–4, 18.
[45] *Id.* ¶¶ 2–4, 17, 24.
[46] *Id.* ¶ 24.

aligned to Goodyear. Instead, Plaintiffs' amendment seeks to add Michelin, a completely unrelated party to Goodyear and, in fact, a direct competitor whose interests are at odds with Goodyear. Thus, this is not a case where Michelin "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[47] Therefore, Plaintiffs have not met all the elements for relation back under Rule 15(c) and the Amended Complaint is time-barred.

**ORDER**

Accordingly, Michelin's Motion to Dismiss is GRANTED.[48]

Signed June 5, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[47] Utah R. Civ. P. 15(c)(3)(A), (B).
[48] ECF No. 17.